## SARAH CRAWFORD *v.* W. M. COMBS.

**Husband and Wife—Attachment—Sufficiency of Petition.**
  In an attachment suit against the husband a wife may enter her appearance and make defense in the name of her husband for the benefit of herself and minor children.

**Sufficiency of Petition.**

> A petition on an account states no cause of action which declares that the defendant is indebted to plaintiff blank dollars, evidenced by an account filed amounting to blank dollars, and prays judgment for blank dollars.

APPEAL FROM POWELL CIRCUIT COURT.

October 31, 1874.

OPINION BY JUDGE LINDSAY:

The wife was properly allowed to enter her appearance and make defense in the name of her husband, and for the benefit of herself and her infant children. She controverted the appellee's right to the attachment, and asked that it should be discharged. The court erred in refusing her prayer in this regard.

As to the account sued on, appellee presents no cause of action. He says that Crawford is indebted to him blank dollars and cents, for groceries, whiskey, etc., evidenced by an account filed, amounting to blank dollars and cents, and that he ought to recover blank dollars and cents, and prays judgment for said amount. If the petition had been confessed appellee could have recovered nothing. Such a petition will not sustain an attachment.

As to appellee's liability as surety on Crawford's bond as master commissioner, he merely claims that he is in danger of being ultimately compelled to pay $151. He does not aver that he has ever paid one cent. If it be a fact that he is liable, his claim against Crawford is in the nature of a debt not yet due. He has the right by attachment to secure himself, but the attachment could not be issued by the clerk until it was first granted, by the circuit court, or the judge thereof, or by the judge of the county court. The attachment in this case was issued by the clerk without having been granted in the manner indicated. It is therefore unauthorized and void.

The judgment sustaining it is *reversed* and the cause remanded with instruction to set aside said judgment, and to discharge the order of attachment. As the property was taken from the possession of the wife, the court should turn over the proceeds to her. Appellee may proceed with his action in other regards, and may sue out a new attachment, if grounds therefor are now in existence.

The question as to whether the wife can hold the attached prop-

erty or its proceeds when properly proceeded against need not be decided.

*J. B. White, for appellant.*